IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randall Lee Conrad, | ) C/A No. 4:11-3268-RBH-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| William C. Ingram; | ) |
| Louis C. Allen, III, and | ) |
| Federal Public Defender Middle District of North Carolina, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed pro se by a federal prison inmate.[1]

## **BACKGROUND INFORMATION**

This case was filed by a federal prisoner currently housed at FCI-Bennettsville in Bennettsville, South Carolina against the court-appointed Federal Public Defenders (FPD) who represented him in connection with at least a portion of his federal criminal case in the Middle District of North Carolina. *United States v. Conrad*, Crim. No. 1:04-cr-297-NCT-1 (M.D.N.C.). Although he is housed at FCI-Bennettsville, which is in this District, Plaintiff acknowledges that his home state is North Carolina and that he lived in that state for 38 years before the federal court in North Carolina entered his convictions and sentence. Pl.'s Answers to the Court's Special Interrogs., ECF No. 29. The mailing addresses Plaintiff supplied for all three Defendants for purposes of service of process are in Greensboro, North Carolina. Accordingly, the court considers them residents of North Carolina.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e), (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

The Complaint alleges Defendant Ingram intentionally thwarted Plaintiff's attempt to obtain a sentence reduction pursuant to the new "crack vs. powder cocaine" sentencing guidelines by filing an unauthorized document in his criminal case stating that Plaintiff did not qualify to move for re-sentencing under those new guidelines. ECF No. 1 at 3-5. Plaintiff alleges that the filing was made after he contacted the FPD's office and told them that he did not want the FPDs to represent him anymore. ECF No. 1 at 3-5. He further alleges the FPDs filed the unauthorized document to retaliate against Plaintiff for making claims of ineffectiveness of counsel in his § 2255 motion. *Id.* Plaintiff alleges Defendant Allen, the FPD's supervising attorney, was aware in 2008 that Plaintiff did not want the FPD's office to represent him with regard to the possible re-sentencing resulting from the "crack amendment." *Id.* at 3-4. Plaintiff alleges Defendant Allen then assigned Defendant Ingram to represent Plaintiff for purposes of seeking a sentence reduction, despite knowing of Plaintiff's wishes and despite Plaintiff's previously having fired Defendant Allen and having claimed Defendant Allen provided him ineffective representation. *Id.* Finally, Plaintiff alleges that Defendant FPD Office, as the employer of Defendants Ingram and Allen, is "responsible for their actions." *Id.* at 5.

Nowhere does Plaintiff explain what relief he seeks from the court.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*,

64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## **DISCUSSION**

Initially, this Complaint is frivolous and subject to summary dismissal because Plaintiff does not ask the court for any relief. Were this court to find that Plaintiff's rights were violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); *Bowler v. Young*, 55 F. App'x 187, 188 (4th Cir. 2003) (same). The Tenth Circuit Court of Appeals faced an analogous situation in *Public Service Co. v. EPA*, 225 F.3d 1144

(10th Cir. 2000). In addressing plaintiff's failure to request specific relief, the Tenth Circuit found the following:

> This court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, *i.e.* issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n. 4 (citing *United States v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999)). It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Furthermore, even if Plaintiff had requested relief, the Complaint should be summarily dismissed for lack of subject-matter jurisdiction. The court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011), or attempt to consent to a court's jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975). The court's obligation to examine subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009).

It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). The party asserting jurisdiction

bears the burden of establishing it. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are: (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) *citizens of different States*[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). Here, the court has no diversity jurisdiction under 28 U.S.C. § 1332 because, according to the information Plaintiff provided, he and all Defendants are residents of North Carolina.[2]

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28

---

[2] Even though Plaintiff is currently incarcerated in South Carolina, he did not lose his North Carolina residency. *See Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973)("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration."); *see also Roberts v. Morchower*, 956 F.2d 1163, *1 (4th Cir. 1992) (unpublished, text in Westlaw).

U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's federal question jurisdiction. Plaintiff's Complaint involves a legal malpractice dispute among a client and attorneys who represented him in the past. Generally, such tort claims are matters of state law to be heard in the state courts, unless diversity of citizenship is present. *See, e.g., Spence v. Wingate*, 716 S.E.2d 920 (S.C. 2011); *Kimmer v. Wright*, 719 S.E.2d 265 (S.C. App. 2011).

Plaintiff alleges Defendants violated his constitutional rights, which indicates he is attempting to bring a *Bivens* claim because Defendants are employees of and an agency of the federal government. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988). However, the court is not bound by Plaintiff's allegations of constitutional violation and is can disregard them if the facts do not support Plaintiff's contentions. When considering the issue of whether a case is one "arising under the Constitution . . ." for purposes of determining whether federal-question jurisdiction exists, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936) ("Not

6

every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Here, the court should disregard Plaintiff's claims of constitutional violation because it is well established that FPDs are not subject to liability to former clients under the *Bivens* doctrine because they do not act "under color of federal law" in connection with their legal representation of federal defendants. *See Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). In absence of activity that falls within the definition of "state action" or "federal action," no viable § 1983 or *Bivens* claim is stated against any defendant. Such is the case here.

Also, Plaintiff fails to state a viable Federal Torts Claim Act (FTCA) claim against any Defendant because he does not indicate that he exhausted the required administrative remedies for such a claim. Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without their express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants because, assuming those officers/employees are sued

in their official capacity, they are, essentially, performing the responsibilities of the United States itself and also are entitled to immunity. *See Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

One of the few areas in which the United States government waives its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees. Under specific and limited circumstances, an injured party may sue the United States for damages alleged caused by an agency such as the Office of Defender Services or by specific federal employees such as Defendants Ingram and Allen pursuant to the FTCA. Litigants must strictly comply with the requirements of the FTCA, *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979), and the burden is on the plaintiff in a FTCA case to prove that he/she completed all the conditions precedent to filing a lawsuit. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976). Plaintiff does not refer to the FTCA anywhere in his Complaint as the basis for his law suit. Even if he had referenced the FTCA, that aspect of the Complaint would also be subject to summary dismissal because there is no indication that Plaintiff complied with FTCA pre-suit requirements such as the filing and prosecution of formal administrative claims with the appropriate federal agencies before commencement of a civil action in a district court. *See* 28 U.S.C. § 2675 (requiring claimant first present claim to the agency and have agency finally deny claim in writing prior to suing under FTCA); *Myers & Myers, Inc. v. U. S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *see also* 28 C.F.R. § 14.2. *See generally* Diane M. Allen, Annotation, *When Is Claim Properly Presented to Federal Agency, under 28 U.S.C.A. § 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit under Federal Tort Claims Act?*, 73 A.L.R. Fed. 338 (2004). In absence of any indication that Plaintiff administratively exhausted his claims against the Defendants under the FTCA, he shows no viable claim that would

be cognizable under this court's federal question jurisdiction. In absence of either available diversity or federal question jurisdiction over the facts as alleged, Plaintiff's Complaint should be summarily dismissed without service on any Defendant.

## **RECOMMENDATION**

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

April 13, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).